## JOHNSON *vs.* REYNOLDS, Auditor.

[APPEAL FROM ORDER REFUSING MANDAMUS.]

1. *Sheriff, fees of ; what payable by the State.*—Sheriffs in this State are entitled to be paid by warrant on the State treasurer, all fees in criminal cases, except when they are payable by the county, out of any funds administered by the county, whether these funds are general or special; unless there is a special law to the contrary.

2. *Same ; what law governed as to fees of sheriff in Montgomery county up to 17th February,* 1868.—In the case of the sheriff of Montgomery county, there was such a special statute, (Acts, 1865-66, p. 583,) which was in force up to the adoption of the Revised Code, on the 17th day of February, 1868. After that date the payment of his costs was governed by the act of the general assembly, as found in the Revised Code.

3. *Mandamus ; when lies.*—A mandamus will be allowed to enforce a claim for such fees in favor of a sheriff.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAS. Q. SMITH.

The facts are sufficiently stated in the opinion.

THOS. M. ARRINGTON, for appellant.
JOSHUA MORSE, Attorney-General, contra.

PETERS, J.—A. H. Johnson, as late sheriff of Montgomery county, in this State, makes application to this court for process of *mandamus* to compel R. M. Reynolds, as auditor of public accounts for the State of Alabama, to audit and adjust the accounts of said Johnson against the State, for "fees in certain State cases, due him as sheriff of Montgomery county, to-wit, in cases wherein the costs were not taxed against the defendant, the prosecutor or the foreman of the grand jury, or if so taxed, where an execution was returned, 'no property found,' and which fees were not payable by the county." This application was first made to the honorable judge of the 2d judicial circuit of this State, and by him denied, and the said Johnson now brings the application to this court by appeal, and renews it here. .

The account, which is made an exhibit to the petition for *mandamus*, so far as I can make out from the record, contains 132 cases, decided in the city court of Montgomery, in this State, in which cases the amount of fees claimed is $913.00 ; and 110 cases, decided in the circuit court, of the said county of Montgomery, wherein the amount of fees claimed is put down at $648.00 ; the two amounts making the sum total of $1,561.00. The judgments, in which these fees are claimed, were rendered during the years 1866, 1867, and 1868. The memorandum of these cases shows that the services rendered by the sheriff in the cases, which are the basis of his claim, were performed in executing process for arrest of the defendants, the summoning of witnesses, commitment of prisoners to jail, impanneling juries, and taking bonds and recognizances of defendants admitted to bail.

This account, or rather these two accounts, were properly proved as required by law, and the clerks of said city court, and said circuit courts, certify that the statement of fees in each case was correct ; and that the cases therein named were "*nol prossed*," dismissed ; the defendant, or defendants therein named, were not convicted, on plea of not guilty, but were discharged, suit abated, or forfeiture set aside, and that in the remaining cases executions were issued against the defendant or defendants therein named,

and were returned by the sheriff of said county "no property found."

Reynolds, in his answer, admits the facts set out in the application, and that he had refused to audit said account, "because there is no provision of law authorizing the payment of said account to be made, or any part thereof."

In the law fixing "sheriff's fees," is this section: "The fees specified in the preceding section, except where some other provision is made by law, are to be collected and paid in the following manner:

" Fees which accrue against defaulting jurors, witnesses and bail, are to be paid by them respectively, unless excused by the court.

" The fees which accrue on the removal of a convict to the penitentiary, to be proved by affidavit of the sheriff or his deputy, and on production of the warden's receipt for the convict, must be paid by the State treasurer on the warrant of the comptroller of public accounts.

" The fees for services rendered in each criminal case must be taxed against the defendant, on conviction, or may be taxed against the prosecutor or the foreman of the grand jury, under the provisions of section 4106, (566); and if an execution against either of them is returned 'no property,' or if the costs are not taxed against either of them, such costs must be paid by the State, *except when they are payable by the county*.

" The accounts due to sheriffs, which are payable by the State, except for the removal of convicts to the penitentiary, must be proved in open court before the presiding judge of the circuit or city court, and certified by him to be correct; or may be certified by the clerk of the circuit or city court, and sworn to before the judge of probate; and being so certified and proved must be presented to the comptroller of public accounts, accompanied by the affidavit of the sheriff to the effect that the same is correct, and that no part thereof has been paid, and if found correct, must be paid by warrant on the State treasurer."— Rev. Code, § 4043.

This account was properly proved and certified as required by law. The proof was taken before the city and

circuit court clerks in the respective cases tried in these courts, and sworn to before the judge of probate, and accompanied by the affidavit of the sheriff.

The only question then is, are these fees, or any part of them, payable by the county? If they are, then they are not to be paid by the State, as directed in the foregoing section. The language of the statute, making the exception, is very broad. It may be justly construed to mean any and all cases, in which the fees are payable by the county, without regard to the fund out of which such payment is authorized to be made, whether a general or a special fund. Any provision, by which the county is required or made liable to pay these claims, would be sufficient to bring them within the exception.

Then let the inquiry be made whether the county is, in any manner, made liable to pay these claims. The section of the Code having reference to this subject, is in these words: "Whenever there shall be a surplus of the fund arising from fines and forfeitures in the county treasury of any county, over and above the sum required to pay the registered claims of State witnesses, the county treasurer must pay the fees of officers of court arising from criminal cases in which the defendants have been convicted, and have proved insolvent by the return of executions 'no property found,' and also in cases in which the State enters a *nolle prosequi.*"—Rev. Code, § 4438.

The character of the claims here insisted on, except certain fees hereinafter named, is precisely that of the fees mentioned in the section last above quoted. It can not be denied that the sheriff is an "officer of court," and as such entitled to participation in this fund; and these are the only fees he is entitled to, which are not otherwise expressly provided for, with the above intimated exception. How can it be said, then, that it was not the purpose of the law to refer to him? It seems to me very clear that it was the purpose of this law to relieve the State treasury from the payment of certain of these fees, and put their burden upon this special fund, which had been turned over to the county for this, as well as some burdens of a like character. This is the most rational conjecture that seems

to meet the case. Whether the fund, left to the adminis-
tration of the county, was a trust fund or not is not
deemed material. The county has no individual or private
interest in any fund entrusted to its keeping and disburse-
ment. It holds all its funds as trust funds. It is, itself,
simply an agency. It is but a trustee in all its functions.
And the fees of the sheriff claimed in this case, with the
aforesaid exceptions, clearly come within the exception of
the statute. They are payable out of a county fund, and,
consequently, they are payable by the county.

This exposition is in accord with the construction of
these laws and the constant practice under them since their
enactment. This, of itself, is one of the best and strong-
est reasons that may be advanced in its favor. Unless the
question is perfectly clear the other way, it is universally
held sufficient to carry the doubt against the contrary opin-
ion. *Contemporanea expositio est optima et fortissima in lege.*
Broom's Max. 300 ; 2 Inst. 11 ; Smith's Com. on Statutes,
p. 739, §§ 620, 621, *et seq.; Scott v. Sanford,* 19 How. 393,
Chief-Justice, *in arguendo.*

There can be no doubt that the sheriff is an officer of
court, and as such he is one of the persons entitled to par-
ticipate in the benefit of the fund collected out of fines and
forfeitures, for the payment of just such claims as many of
those specified in appellant's account. It would seem to
be somewhat hypercritical to declare that such a payment
was not a payment by the county. If it is not made by
the county, it would be difficult to say by whom it is made.
Certainly it is made, or should be made, just as any other
payment is made by the county; that is, by the county
treasurer. And the fund out of which it would be made is
certainly a county fund, and found in the county treasury.
Revised Code, § 3763 ; *Warfield v. The State,* 34 Ala. 261 ;
Rev. Code, §§ 916, 917, 930 ; *Arrington, Solicitor, v. Van
Houton,* January term, 1870.

Again, it is not to be presumed that the general assem-
bly intended to burden the treasury of the State, in a sea-
son of great pressure upon the financial resources of the
State, with the payment of a class of claims which had
been otherwise provided for. Such a reason in a case of

doubt—and this is clearly one of doubt, notwithstanding the very ingenious argument of the eminent counsel for the appellant,—is allowed to be sufficient warrant to over-rule the contrary construction.—Smith's Com. on Statutes, p. 593, § 548, *et seq.*

But there is another class of fees mentioned in appellant's account, which are not taxed against the defendant, the prosecutor, or the foreman of the grand jury, as they are shown in the exhibit to the petition for *mandamus*, and which are not included in those claims that are payable out of fines and forfeitures under the section of the Code above quoted.

These are fees in criminal cases in which the defendant has been acquitted on verdict of not guilty, or has been pardoned before conviction, and has not been convicted on a plea of not guilty, *(Michael v. The State*, 40 Ala. 361,) and where the suit has abated by the death of the defendant without a *nolle prosequi*, and where the defendant has been discharged from a conditional judgment on a forfeiture, without costs.—Rev. Code, § 4259. There are in appellant's account fees claimed, in a number of cases, of this latter class. These should have been allowed, unless there is some special statute which forbids this.

I have carefully looked over the account, and find that these fees amount to the sum of three hundred and eighteen dollars and sixty cents, ($318 60,) leaving out the cases in which the defendants were pardoned, because it was not shown that they were pardoned before conviction and without the payment of costs.—40 Ala. 361, *supra*. For this amount the account should have been audited, and a warrant issued for the same, unless there is some special statute for the county of Montgomery, which otherwise provides.

It appears that there is such a special statute applicable to the county of Montgomery, which in some degree influences the decision in this case. This statute was approved February 20th, 1866, and, omitting the enacting clauses, it is in the following words, to-wit:

Sec. 1. "That hereafter it shall be the duty of the clerks of the circuit and city courts of the county of Montgomery,

to furnish to the sheriff of said county a certified list of the costs due said sheriff in every criminal case which may be disposed of in either of said courts in which the State fails to convict, or in which the party or parties are convicted, shall be legally discharged from imprisonment, and where an execution shall be issued and returned 'no property found,' and which certificate being approved by the presiding judge of said court, shall be a charge on the county treasury of said county, and shall be registered and paid by the county treasurer of said county as other county claims are paid.

Sec. 2. "That all laws and parts of laws contravening the provisions of this act, be and the same are hereby repealed; *Provided*, that this act shall only continue in force while stay laws are existing."—Pamphlet Acts of 1865–66, page 583.

The only "stay law" existing at the time this act was passed was the act entitled "An act to regulate judicial proceedings," approved February 20, 1866. —Pamph. Acts 1865–66, pp. 83–87.

This act was existing up to the adoption of the Revised Code, which occurred on the 17th day of February, 1868. Pamph. Acts 1867; Preface Revised Code, pp. 3, 4, §§ 8, 9; Gov. Patton's Procl. Dec. 19, 1867; Rev. Code, § 10.

Then only such items in the appellant's account as come within the rule of construction above laid down, which bear date later than the adoption of the Revised Code, will be allowed; that is, items which accrued between the 17th day of February, 1868, and the 13th day of July, 1868, when the appellant's office of sheriff was terminated by the inauguration of the present State government of this State.

I have attempted to make a calculation of these items, and find that they amount to the sum of one hundred and nineteen dollars and twenty-five cents. For this amount the auditor will issue his warrant on the treasurer as required by law.

The said Reynolds, as auditor as aforesaid, will pay the costs of this proceeding in this court and the court below, and a *mandamus* is allowed in conformity with appellant's

application to enforce the payment of said sum of $119,25 above named, in conformity with the law.